# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 11-1469**                                                         **September Term 2011**

CFTR-76FR71626

**Filed On: January 20, 2012**

International Swaps and Derivatives
Association, Inc. and Securities Industry and
Financial Markets Association,

      Petitioners

  v.

Commodity Futures Trading Commission,

      Respondent

      **BEFORE:**    Rogers, Garland, and Brown, Circuit Judges

### O R D E R

      Upon consideration of the motion to dismiss, the response thereto, and the reply; and the emergency motion to stay rule and the response thereto, it is

      **ORDERED** that the motion to dismiss be granted. Under the law of this circuit, "the 'normal default rule' is that 'persons seeking review of agency action go first to district court rather than to a court of appeals.' Int'l Bhd. of Teamsters v. Pena, 17 F.3d 1478, 1481 (D.C. Cir. 1994). Initial review occurs at the appellate level only when a direct-review statute specifically gives the court of appeals subject-matter jurisdiction to directly review agency action." Watts v. SEC, 482 F.3d 501, 505 (D.C. Cir. 2007); see Micei Int'l v. Dep't of Commerce, 613 F.3d 1147, 1151 (D.C. Cir. 2010); Pub. Citizen, Inc. v. NHTSA, 489 F.3d 1279, 1287 (D.C. Cir. 2007). This panel, of course, may not diverge from circuit precedent. See LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc).

      There is no express congressional authorization of direct appellate review applicable to the petition for review in this case. Both the Commodity Exchange Act, 7 U.S.C. §§ 1-26, and the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203, 124 Stat. 1376 (July 21, 2010), are silent with regard to judicial review of Commission actions like the Rule at issue in that petition, while providing direct

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 11-1469**                                           **September Term 2011**

appellate review only for different, specified Commission actions.  Nor are those Acts "ambiguous in any sense relevant here."  <u>Five Flags Pipe Line Co. v. Dep't of Transp.</u>, 854 F.2d 1438, 1441 (D.C. Cir. 1988); <u>see id</u>. (construing the rule of construction set out in <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 742 (1985), as applying only "if the legislative language conferring jurisdiction over agency action is ambiguous," notwithstanding whether "sound policy would dictate that judicial review of these agency actions should proceed initially in the court of appeals"); <u>Pub. Citizen</u>, 489 F.3d at 1287-88 (same).  It is

**FURTHER ORDERED** that the emergency motion to stay rule be dismissed for lack of subject matter jurisdiction.  In light of the petitioners' representation that they have, appropriately, simultaneously filed a complaint in the district court, we have no occasion to consider transfer of the petition to that court.  <u>See</u> 28 U.S.C. § 1631; <u>Five Flags</u>, 854 F.2d at 1442; <u>Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.</u>, 551 F.2d 1270, 1280 (D.C. Cir. 1977).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

**By:**    /s/
Scott H. Atchue
Deputy Clerk/LD